SARAH L. REMER

*v.*

FRANCES J. BENEDICT et al.

[Decided June 10th, 1912.]

1. In a suit for partition, a trust deed comprising the real estate in question examined, and *held,* that said deed is testamentary in character in reference to the provision therein giving the trustee the power to sell, and that by reason of this provision of a purely testamentary character, the trust for that purpose must be declared ineffectual because it was not declared by a proper testamentary paper.

2. This result would leave in the trustee, if anything, nothing but the naked title to the real estate, which he is bound to convey to the persons entitled to the equitable estate under the testator's will, and these persons being now parties to this suit (in which the trustee is also a party) are entitled to a decree for a partition.

3. On the question of laches, evidence examined and *held,* that although in any ordinary case the delay would be fatal, yet the circumstance under which it occurred here are such as not to give it that effect.

On bill for partition. On final hearing on pleadings and proofs.

*Messrs. Charles C. Pilgrim* and *Frederick T. Hey,* for the complainant.

*Mr. Ralph E. Lum,* for the defendants Frances J. Benedict, Cornelius Mandeville, Amalmyra Mandeville and Katherine Mandeville.

*Mr. William A. Smith* and *Mr. Charles H. Stewart,* for the defendant Bioren.

EMERY, V. C. (orally).

In this case I reach the conclusion that the deed in question is testamentary in character in reference to a certain very important provision of it. I refer to the provision which gives the trustee the power to sell. If the trust deed directed merely that on the death of grantor's wife, the trustee should convey to the persons designated by the will then in existence, or by any future will, or in case the grantor died intestate, and should then convey to his heirs-at-law, it may be that the direction would be valid for the purpose of carrying out the trusts of making the conveyance directly to the persons indicated in the first place by the testator's will, and second, by the deed itself, in case there was no will. In either case there would be certainty as to the persons to take fixed by the deed itself, but in the present case this further complication appears by the will which was executed in 1888, and before the execution of the deed. There is, after a provision giving the net income, issues and profits of all his estate to grantor's wife, a direction that at her death the residue of his estate shall be disposed of by giving three bequests of a thousand dollars each to his half sister and half brothers, and the remainder of the estate is then to be equally divided between his sisters Mrs. Mandeville and Mrs. Barrett, his brother Charles Nessler, and his niece Sara Hillock. This will of 1888 gives no power of sale to the executors of the real estate which passes under the will. The trust deed in question gives expressly not only the right to convey the property, but the right to convert the same into personal property if the trustee should consider it necessary for the purpose of carrying out the provisions of the said last will and testament. By that clause in the trust deed a power is given to this trustee which was not given to the executors under the will, and this power is a provision of a nature purely testamentary in its character. It

is a provision which a court of chancery would probably have to carry out on the application of the executor of the will by a sale in order to pay the legacies. It has been proved in the case that the personal estate left was so small as not to reach to the payment of the legacies, and was probably little more than necessary for the payment of the debts and administration expenses. I think that by reason of this inclusion in the deed in question of this provision of a purely testamentary character, the trust for that purpose must be declared ineffectual, because it was not declared by a proper testamentary paper. That would leave in this trustee, if anything, nothing but the naked title to the legal estate, which he is bound to convey to the persons who are entitled to the equitable estate under the will of the testator, and these persons being now parties to the suit for partition (in which the trustee is also a party), are entitled to a decree for a partition of the estate. The actual partition being impracticable, a sale will be made, but no division of proceeds of sale will be made until the rights of the legatees to the funds given to them by the will have been ascertained.

Mr. Pilgrim—As to the third tract, a reconveyance is not necessary.

The Court—I may make a direction in the final decree that for the purpose of confirming the title of any purchaser, the trustee join in the conveyance.

I think in this case the parties are right in bringing up the question of laches, for the purpose of having it considered and given all the weight to which it is entitled. In any ordinary case the delay would of course be fatal, but the circumstances under which the delay occurred here are such as not to give it that effect. Here the vendor who made the contract was living with the purchasers and it was a question of commencing a law suit against him. The vendor had reached a time of life when the purchasers didn't desire to trouble him about a law suit, and he didn't even want to be troubled with the matter of making a conveyance to them. The written agreement was made and the parties went on afterwards as if the sale had been in fact actually carried out, and treated the vendor as entitled to the money consideration to be paid, paying him annually the interest on that

money still due on the account of the purchase as if it were a debt. I think the circumstances of the case sufficiently take it altogether out of the ordinary case of requiring a speedy action for specific performance, and would make the case now rather a case of carrying out by way of specific performance what was treated all the way along as in fact a family settlement. On the payment of the amount of money due, a decree will be given for the conveyance.

Mr. Stewart—$1,200 was given on account.

Mr. Lum—The amount is $3,800 less $1,200.